The complaint alleges that the defendant, G. L. Windley, was, on 1 May, 1874, clerk of the Superior Court and judge of probate for the county of Beaufort, and that as such he executed and delivered to the State of North Carolina his official bond and renewal bond, to which the other defendants are sureties; that on 1 May, 1874, the defendant, Windley, acting in his official character, appointed one Ira H. Topping as guardian of the relator, who was then a minor, aged about eleven years, and issued letters of guardianship, general in their character and extending to the property as well as to the person of the relator; that said Windley, at the time of issuing the said letters of guardianship, failed and neglected to require of said guardian a good and sufficient bond, but accepted one wholly insufficient and insolvent, with only one surety and not justified; that only one renewal bond was given by the guardian, and that in 1879, which was then and still is insolvent, and that the guardian failed to file any account of his guardianship, and died in March, 1883, totally insolvent; that the guardian entered upon his duties at once upon his appointment, received and took into his possession the estate of the relator, receiving the rents of lands and the proceeds of lands sold by him as guardian under judicial proceedings *Page 35 
and failed to account to the relator therefor, or to pay over the same or any part thereof, and asks judgment, etc.
The answer admits that Windley was clerk, and as such gave (6) the usual bonds, and that the defendants were his sureties.
It is denied that Windley appointed I. H. Topping guardian to the relator, or that he ever acted as such.
The defendants ask that they be furnished with the particulars of the property of the relator alleged to have been received by the said Ira H. Topping, and further say that the action did not accrue within six years, etc., and is barred by statute.
The plaintiff filed a statement specifying the sums demanded.
At February Term, 1886, the issue raised, "Was Ira Topping appointed guardian of the relator, T. J. Topping, then an infant, by Geo. L. Windley, clerk of the Superior Court of said county?" was tried before his Honor, Judge Gudger, by an inspection of the records, and upon said inspection it was adjudged that Windley was clerk of said court on 1 May, 1874, and acting as such on that day appointed the said Ira H. Topping guardian of the relator.
To this judgment the defendants excepted.
It was then referred to Goethe Wilkens, clerk of the court, to state and report an account showing:
"1st. Whether said Windley, as clerk aforesaid, took from said Ira, in his appointment as guardian as aforesaid, any and what bond, and if any, whether it was good and sufficient when taken.
"2d. What property . . . was or might and ought to have been received by said guardian, what was expended for or paid over to said ward, and what balance, if any, is owing to said ward?
"3. What damage, if any, the relator has sustained by reason of the insufficiency of the said guardian bond.
"4. Also showing in what proportions and for what sums, if any, the sureties to the several bonds of Windley, as clerk as aforesaid, are liable among themselves, and which of said sureties are now (7) solvent."
No exception was taken to the order of reference, and the referee reports in substance: That Windley, as clerk, etc., upon the appointment and qualification of Ira H. Topping as guardian of the relator, accepted a guardian bond which was insufficient, having but one surety, and said surety totally insolvent; that the said guardian at various times received money belonging to his ward, and expended money for him, an itemized account of which was reported, in which the guardian was charged with 8 per cent interest upon his receipts, and a like rate of interest was allowed upon his disbursements, and in which no commissions were allowed, "as said guardian has at no one time since his appointment *Page 36 
filed or rendered an inventory or annual account of his ward's estate"; that there was a balance of $290.18 due the relator unpaid, and by reason of the insufficiency of the guardian bond, as taken by Windley, clerk, etc., the relator is endamaged to the extent of said balance.
He also reports as to the solvency and liabilities of the sureties.
Before the referee the plaintiff introduced as evidence the record of the appointment of Ira H. Topping as guardian, etc., dated 1 May, 1874, to which defendants objected "as incompetent and insufficient."
He then introduced the guardian bond of Ira H. Topping, of the same date, signed by I. H. Topping and Mary E. Topping, which was objected to by defendants.
He then introduced the record of a special proceeding instituted in the Superior Court of the county of Hyde upon the petition of Ira H. Topping, guardian, to sell certain land of his ward therein named, showing the petition verified before Geo. L. Windley, clerk of the Superior Court of Beaufort, affidavits as to the benefits to the ward of such sale, the order of sale signed by W. A. Moore, judge, 9 May, 1874, report of the sale at the price of $650, the order of confirmation signed by (8) the clerk and approved by M. L. Eure, judge, order for title to the purchaser, and a certified copy of deed to the purchaser, all of which was objected to "as insufficient, irregular and for want of jurisdiction in the court to order the sale."
The plaintiff then introduced as a witness one W. J. Bullock, who testified that on 1 May, 1874, Mary Topping, the surety on the guardian bond, was insolvent, and that witness rented from the guardian the lands of his ward for three years, beginning either in 1874 or 1875, for which he paid $50 per year.
This witness was on the guardian bond of Ira H. Topping, executed 27 August, 1879, and Ira H. Topping being dead, his testimony was objected to as incompetent under section 590 of The Code. This witness also testified that he was insolvent in 1879, when he signed the bond as surety for the guardian, and that he at the time so told the clerk.
The defendants filed the following exceptions to the report of the referee:
1. For that it does not appear that Ira H. Topping was ever legally appointed guardian of Solomon Topping.
2. For that it does not appear that Ira Topping had any authority to sell the land of said Solomon Topping in Hyde County, and to receive the price with which he is charged.
3. For that said alleged sale was void and the land is still the property of its former owners.
4. That the order of said clerk did not authorize the receipt of the funds arising from the sale of the lands, without giving further security *Page 37 
therefor; and the sale having taken place in Hyde County, the bond of this clerk is not liable for the funds arising from it.
5. For that the clerk refused to allow commissions to the guardian.
6. For that he has charged interest at 8 per cent, instead of 6 per cent as he should have done.
7. For that the clerk has found that over $270 worth of property (9) went into the supposed guardian's hands for which the clerk's bond was liable, when in truth and fact only about $83 did so go into the hands of said supposed guardian.
8. For that the clerk received and heard improper evidence, as indicated by the exceptions to the evidence.
At February Term, 1887, upon the report of the referee and exceptions, all the exceptions were overruled except the 6th, and as to that the referee was ordered to reform and modify the account by charging six instead of eight per cent, and thus modified the report was confirmed and judgment rendered in favor of the plaintiff, from which the defendants appealed.
It is the duty of clerks of the Superior Courts to appoint guardians. The Code, sec. 1586; to take and approve their bonds, requiring two or more "sufficient sureties," section 1574; to see that the bonds are renewed, sections 1581 and 1582; and if they fail to take "good and sufficient sureties" that they are made liable "for all loss and damages sustained for want of security being taken." Section 1614.
Formerly the Superior and County Courts had cognizance of all matters concerning orphans and their estates, and the judge or justices were liable for all damages resulting from a failure by them to take sufficient bond; and in the old County Courts, clerks were required to record the names of justices on the bench accepting guardian bonds. Clerks and the sureties on their official bonds are now liable, as the justices were under the old system, for any loss or damages resulting from a failure to take good bonds, and the record of the (10) appointment of the guardian is sufficient evidence of such appointment.Davis v. Lanier, 2 Jones, 307. So there is nothing in the first exception of the defendants.
The 2d 3d and 4th exceptions, relating to the sale of the ward's land in the county of Hyde, are equally unfounded. If the clerk failed to take a sufficient bond he is liable for all loss by reason thereof, and the *Page 38 
measure of damages is the amount of the principal received by the guardian, with compound interest on the principal up to the time of the ward's arrival at full age. The guardian bond would be liable for what the guardian, as such, collected or received for his ward, and neither he nor his sureties would be heard to say that he improperly received it, or that it was not the property of his ward.
The record shows a sale of the ward's property by the guardian, and the receipt of the proceeds by him. He has failed to account for it to the relator, and the defense sought to be set up cannot be maintained. Davis v.Lanier, supra; Humble v. Mebane, 89 N.C. 410.
The ruling of the court upon the 5th exception must stand. When a guardian keeps no account, and the burden is devolved upon the ward of hunting up the evidence to charge him, the general rule is that he will not be allowed commissions, which are intended as compensation for the proper discharge of his duties, and there is nothing in this case to induce a departure from the rule.
No returns were made, and it does not appear how the ward's funds were used. Finch v. Ragland, 2 Dev. Eq., 141; Burke v. Turner, 85 N.C. 500;Grant v. Reese, 94 N.C. 720.
The report of the referee was properly modified by the direction of the court in conformity with the 6th exception. The legal rate of interest in the State is six per cent, and no more can be allowed, except (11) as provided in section 3835 of The Code, and this disposes of the only exception of the plaintiff.
The 7th exception is disposed of with the 4th, and cannot be sustained.
All the exceptions to the evidence were properly overruled. The witness, Wm. J. Bullock, was competent to prove the insolvency of the sureties, and his testimony in regard to the payment of rent was immaterial, as it was a part of the $83 which, it was admitted, went into the hands of the guardian.
There is no error.
Cited: Latham v. Wilcox, post, 373. *Page 39